UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────

№ 23-CV-02129 (RER)

───────────────────────

NICHOLAS MASON

VERSUS

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *ET AL.*

───────────────────────

**MEMORANDUM & ORDER**

───────────────────────

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Nicholas Mason filed this action seeking judicial review of U.S. Citizenship and Immigration Services' ("USCIS") denial of his Form N-400 Application for Naturalization ("N-400").[1] Defendants have filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). After carefully reviewing the record, and for the reasons set forth herein, Defendant's motion to dismiss is **GRANTED**.

**BACKGROUND**[2]

The following allegations are taken from the pleadings and plaintiff's opposition papers, and are accepted as true for the purposes of this memorandum and order. Plaintiff

---

[1] Plaintiff names as defendants USCIS, immigration officer Angela Williams, and field office director Susan Quintana. (ECF No. 1 ("Compl.")).

[2] The Court acknowledges and offers its deep gratitude to Emma Bissell, a judicial intern and second year law student at Syracuse University College of Law, for her assistance in researching and drafting this memorandum and order.

Nicholas Mason ("Plaintiff" or "Mason"), a native of Australia, was admitted to the United States on May 2, 2014, under the extraordinary ability category for his work as the executive director of Manhattan Short Film Festival. (ECF No. 14 ("Second Am. Compl.") Ex. A at 20). He became a legal permanent resident ("LPR") of the United States on January 7, 2015. (*Id.* Ex. C at 25). At the time of application, he signed and filed I-140 and I-485 forms certifying them as true and correct. (*Id.* Ex. A at 20; ECF No. 33 ("Mem.") at 16). In March 2020, Plaintiff, through counsel, submitted to USCIS an N-400 application for naturalization. (Second Am. Compl. ¶ 8). On all forms, Plaintiff indicated he has been the executive director of the film festival since 2005. (*Id.* Ex. A at 20). He identified no other sources of employment. (*Id.*; Mem. at 17).

Unbeknown to Mason, USCIS was in possession of three I-129 petitions from other individuals for nonimmigrant worker status, each allegedly bearing Mason's signature and identifying him as the Vice President of three distinct media companies and employer-sponsor of those applications. (Second Am. Compl. Ex. A at 20). Assuming Mason had lied under oath about his employment, USCIS denied his N-400 application on the grounds that he was not a person of good moral character as required by section 101(f)(6) of the Immigration Nationality Act ("INA"), 8 U.S.C. § 101(f)(6). (*Id.*) Plaintiff insisted his signature had been forged on the I-129s and immediately filed complaints of identity fraud with the New York Police Department, Federal Bureau of Investigation, and Federal Trade Commission. (*Id.* Ex. B at 23, Ex. C at 25).

On June 23, 2022, Plaintiff, again through counsel, filed a form N-336 and appealed the denial of his naturalization application. (*Id.* ¶17). Defendant denied the appeal after Plaintiff failed to appear for the hearing due to a family emergency in

2

Australia. (*Id.*) Mason requested to reschedule, but his request was ignored. (*Id.*) Plaintiff then initiated this action on April 17, 2023, seeking reversal of the decision and removal of the adverse moral character determination. (*Id.*; ECF No. 1).

After proceeding before District Judge Eric R. Komitee, to whom the case was then assigned, the parties stipulated to a joint dismissal in August 2023 and USCIS reinitiated Plaintiff's N-336 hearing. (ECF No. 13; Second Am. Compl. ¶ 25). At the reinitiated hearing, a USCIS officer showed Mason various documents, each containing his signature. (Second Am. Compl. ¶ 26). Although the officer did not identify or contextualize the specific forms, he asked Plaintiff whether the signatures on the documents were his. (*Id.*) None of the documents consisted of the allegedly fraudulent I-129s, upon which the denial of Mason's N-400 application was based, which Defendant contends were destroyed in accordance with federal paperwork retention guidelines. (*Id*. at ¶ 24). For all forms, including the original N-400, I-140, and I-485, Plaintiff suggested that the signatures were either not his or that he did not know if they were his. (*Id*. at ¶ 26; Mem. at 18). He allegedly did so because he was fearful of the repercussions if he were to misidentify a signature as his. (Second Am. Compl. ¶ 26). Following the hearing, USCIS concluded that Plaintiff was not a legal permanent resident because, according to his responses in the hearing, he had not properly signed his original I-140 and I-485 and, therefore, was ineligible to be naturalized. (*Id.* ¶ 27; Mem. at 18). On these grounds, USCIS reaffirmed the denial of Mason's N-400. (Second Am. Compl. ¶¶ 27–29).[3]

---

[3] Additionally, at the N-336 hearing, Mason alleges that a USCIS officer suggested that his former attorney was the person who likely filed the I-129 forms, and he should seek copies directly from that attorney (*Id.* ¶ 30). Plaintiff maintains that these forms were fraudulent and filed a report against his former attorney with both the New York and California Bar Associations, claiming the attorney committed fraud to aid other non-citizens in obtaining visas. (ECF No. 34 ("Opp'n") at 3).

3

Following that hearing, on October 27, 2023, Plaintiff filed a letter which Judge Komitee construed as a second amended complaint seeking judicial review pursuant to 8 U.S.C. § 1421(c). (Order dated 12/12/2023; Second Am. Compl. ¶¶ 5–6). The case was reopened and reassigned to the undersigned. (ECF Entry dated 12/19/2023). Plaintiff was briefly represented by a new attorney at the premotion conference stage between February 2, 2024, to September 25, 2024, but then continued *pro se*. (ECF Nos. 18, 26; Order dated 9/27/2024). At this point, Plaintiff re-alleged he *did* personally sign his I-140 and I-485 forms as well as his N-400. (Second Am. Compl. ¶ 27; Opp'n at 10). He argues USCIS's denial of his N-400 should be overturned, and his naturalization granted because he was a victim of identity theft through the I-129s that Defendant contends he submitted on behalf of others. (*Id.* ¶¶ 27–30). Plaintiff also requests that the Court declare him eligible for naturalization. (*Id.* at 16–17).

On March 27, 2024, after the denial of Plaintiff's N-400, USCIS directed Mason to appear in removal proceedings before an Immigration Judge. (Mem. at 19). On August 30, 2024, USCIS moved to dismiss this action on the grounds that 8 U.S.C. § 1429 bars district court review of naturalization petitions while removal proceedings are pending. (ECF No. 32; Mem. at 8). On November 8, 2024, Plaintiff opposed the motion, repeating his claims and requests for relief. (Opp'n at 1). USCIS replied on December 10, 2024, asserting that Plaintiff did not properly respond to the arguments raised. (ECF No. 35 ("Reply") at 12).

**DISCUSSION**

A person whose application for naturalization has been denied may seek *de novo* review of such denial before the district court pursuant to 8 U.S.C. § 1421(c). This provision "offers an expansive form of judicial review," authorizing a court to provide relief so long as a plaintiff meets the conditions of a naturalization denial and an immigration hearing. *Donnelly v. Controlled Application Rev. & Resol. Program*, 37 F.4th 44, 48 (2d Cir. 2022). A court's authority to conduct such review, however, is barred while removal proceedings are pending. *Ajlani v. Chertoff*, 545 F.3d 229, 238–41 (2d Cir. 2008); *Baginski v. Wilkinson*, 516 F. Supp. 3d 234, 236–37 (E.D.N.Y. 2021) (dismissing a Section 1421(c) claim where plaintiff was in removal proceedings). This is because 8 U.S.C. § 1429 provides that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act." *Ajlani*, 545 F.3d at 236 (quoting 8 U.S.C. § 1429).

Reflecting Congress' intent to maintain the balance of powers between the executive and judiciary, this limit applies to a district court's review as well: if the Attorney General is not permitted to consider a naturalization application because removal proceedings are pending, the court is similarly precluded. *Id.* at 239–40 (citing *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1045–46 (9th Cir. 2004)). Following the Ninth Circuit's reasoning in *Bellajaro*, the Second Circuit held that under Section 1429, district courts lack the authority to either grant naturalization directly, or issue declaratory judgments regarding such naturalization. *Baginski*, 516 F. Supp. 3d at 236-37 (first citing *Ajlani*, 545 F.3d at 239-41, then citing *Bellajaro*, 378 F.3d at 1047 (9th Cir. 2004)); *see*

*also Perriello v. Napolitano*, 579 F.3d 135, 141 (2d Cir. 2009) (clarifying that just as a non-citizen is precluded from being naturalized when removal proceedings have commenced, an agency is similarly "prohibited by statute from *considering* a naturalization application (a prerequisite to determining prima facie eligibility) while removal proceedings are pending") (emphasis added).

This determination is consistent among courts in this Circuit. *E.g.*, *Baginski*, 516 F. Supp. 3d at 236–37 (E.D.N.Y. 2021); *Opoku v. Kelly*, No. 15-CV-842 (DJS), 2017 WL 11696641, at *3 (D. Conn. Feb. 22, 2017) (dismissing a plaintiff's claim for direct or declaratory naturalization relief under § 1421(c) because USCIS had commenced removal proceedings against her); *Rodriguez v. Holder*, No. 11-CV-2124 (DLI), 2014 WL 6983401, at *2–3 & n.2 (E.D.N.Y. Dec. 10, 2014) (clarifying that Section 1429 similarly bars the district court in a Section 1421(c) claim just as it does for other INA provisions that may otherwise allow a district court to grant naturalization relief); *Beshay v. Keller*, No. 13 Civ. 4619 (PAE), 2014 WL 3583420, at *1 & n.4 (S.D.N.Y. July 21, 2014) (construing a *pro se* complaint as a claim for relief under Section 1421(c), and applying *Ajlani* to dismiss it); *Kumar v. Holder*, No. 12-CV-5261 (SJF), 2013 WL 6092707, at *5 (E.D.N.Y. Nov. 18, 2013) ("Thus, it is proper for a district court to dismiss a Section 1421(c) denial claim for failure to state a claim on which naturalization relief could be granted while removal proceedings are pending.") (citation, quotation marks, and alteration omitted); *Baraket v. Quarantillo*, No. 09–CV–3547 (NGG), 2012 WL 3150563, at *2 (E.D.N.Y. Jul.31, 2012) (holding that a Section 1421(c) claimant under removal proceedings had no way to "avoid the statutory bar of § 1429, and thus, no relief can be granted."); *Kolev v. Holder*, No. 11-CV-367 (ENV) (LB), 2011 WL 1706799, at *2 (E.D.N.Y.

6

May 4, 2011) (citing *Ajlani* to determine "the Court lacks the authority to review the denial of plaintiff's naturalization application while removal proceedings are pending."); *Moya De Leon v. Napolitano*, No. 10 Civ. 6176, 2011 WL 1990876, at *3 (S.D.N.Y. May 23, 2011) (dismissing a Section 1421(c) claim for naturalization relief because such relief is "foreclosed by the plain language of § 1429"); *Ortiz v. Chertoff*, No. 8 Civ. 3030 (DAB), 2009 WL 2486007, at *5 (S.D.N.Y. Aug. 14, 2009) ("Under 8 U.S.C. § 1429, no application for naturalization may be considered if removal proceedings are ongoing against the applicant."); *John v. Quarantillo*, No. 06-CV-437 (ARR), 2008 WL 5377944, at *1 (E.D.N.Y. Dec. 23, 2008) (holding that just as the Attorney General cannot consider an application for naturalization while removal proceedings are pending, neither can the district court); *see also Manolakakis v. Mayorkas*, 22 Civ. 4620 (DLC), 2022 WL 15524677, at *2 (S.D.N.Y. Oct. 27, 2022) (dismissing various immigration relief claims for a plaintiff charged with removal because USCIS was "statutorily prohibited from considering his naturalization application while his removal proceedings are pending").

*Idris v Gray* similarly held that a district court cannot grant naturalization under Section 1421(c) while removal proceedings are pending. No. 22-CV-3894 (AMD), 2023 WL 5719743, at *2 (E.D.N.Y. June 9, 2023). Although the *Idris* Court made room for injunctive and declaratory relief without crossing that statutory bar, Defendants distinguish *Idris* because there, the plaintiff had no idea that USCIS possessed allegedly fraudulent documents for nearly sixteen years, those documents may have been falsified by someone else, and USCIS only proffered them once the plaintiff re-applied for naturalization. *Idris*, 2023 WL 5719743, at *2; (Mem. at 28 n.17). Here, USCIS disclosed their possession of the I-129 forms in question during Mason's initial naturalization

7

interview and any doubt about the veracity of Mason's various signatures came from Mason himself. (Second Am. Compl. Ex. A at 20, ¶ 26). The Court notes that some of the muddled facts here may stem from Defendants' manner of investigation and record retention (or destruction, as the case may be), and there are indeed more analogous facts to *Idris* than Defendants acknowledge. Nevertheless, this does not alter the statutory limit on the Court's authority to grant relief. Ultimately, "the statutory bar of § 1429 cannot be overcome by judicial fiat." *Baraket*, 2012 WL 3150563, at *2 (citing *Ajlani*, 545 F.3d at 238) (quotation marks omitted).

Accordingly, while the Court is wholly sympathetic to Mason's plight, he has failed to state a claim upon which relief can be granted.[4] Mason's current recourse for relief is before the Immigration Court and his request for an order granting his application for naturalization or declaring the denial of his application for naturalization to be unlawful is denied without prejudice.

## **CONCLUSION**

Because the Court lacks the authority to grant Mason relief from the denial of his naturalization application while removal proceedings are pending against him, Defendant's motion to dismiss is granted without prejudice. Plaintiff may refile his petition

---

[4] The Court declines to find that it lacks subject matter jurisdiction over Mason's claim. *See Donnelly*, 37 F.4th at 54 ("The language of § 1421(c) neither speaks in jurisdictional terms nor refers in any way to the jurisdiction of the courts.") (citing *U.S. v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (per curiam)) (quotation marks omitted); *Zayed v. U.S.*, 368 F.3d 902, 906 (6th Cir. 2004) (concluding "the effect of § 1429 . . . is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of a jurisdiction expressly conferred on it" by Section 1421(c)).

for review of the denial of his naturalization application after removal proceedings have concluded.[5]

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: August 25, 2025
　　　　Brooklyn, NY

---

[5] While Plaintiff is of course free to continue *pro se*, the Court strongly advises that he retain competent immigration counsel should he wish to contest his removal in Immigration Court or later refile this case.